IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
(Charleston Division)

CURTIS BOLDEN,
individually and on behalf of others
similarly situated,

      Plaintiffs,

v.                                         Civil Action No. 2:17-cv-02465

NOVA RUBBER COMPANY, LLC., and
BEN McDONALD.

      Defendants.

## COMPLAINT

NOW COMES Plaintiff Curtis Bolden, by and through their undersigned counsel, and file this Complaint against Defendants Nova Rubber Company, LLC and Ben McDonald making claims to recover unpaid overtime wages under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., individually and on behalf of others similarly situated as provided in 29 U.S.C § 216(b), stating as follows:

## PARTIES

1. Plaintiff Curtis Bolden ("Plaintiff Bolden") is an individual residing in Ripley, Jackson County, West Virginia.

2. Defendant Nova Rubber Company, LLC ("Defendant Nova") has a principal office located at 134 7th Avenue, South Charleston, West Virginia, 25303.

3. Defendant Nova Rubber manufactures plastics and rubber products including, but not limited to, tires, rubber gaskets and rubber hoses.

4. Defendant Nova Rubber is a for-profit limited liability company organized pursuant to the laws of the State of West Virginia, and which is authorized to do business in the State of West Virginia.

5. Defendant Ben McDonald ("Plaintiff McDonald") is an individual who, based upon information and belief, is a resident of Kanawha County, West Virginia. Defendant McDonald is the General Manager/owner for Defendant Nova Rubber and is responsible for the business and operations of Defendant Nova Rubber's South Charleston, West Virginia offices, and at all relevant times has been the supervisor of Plaintiff Bolden and all similarly situated employees.

6. As the General Manager/owner, Defendant McDonald, at all relevant times, has had extensive managerial responsibilities and substantial control of the terms and conditions of the work of Plaintiff Bolden ad all similarly situated employees.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiffs' claims under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA") pursuant to 28 U.S.C. § 1331 because this claim arises under the laws of the United States.

8. At all relevant times, Plaintiffs, and similarly situated employees, were employees of Defendants at Defendants' facilities located at 1134 7th Avenue, South Charleston, West Virginia, 25303.

9. Venue is appropriate in the U.S. District Court for the Southern District of West Virginia pursuant to 28 U.S.C. § 1391(b) because Defendants Nova Rubber and McDonald reside in this judicial district and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

## FACTS

10. Plaintiff Bolden was hired by Defendant Nova Rubber on or about August 1, 2013 to work as a gasket manufacturer/technician.

11. Upon being hired by Defendant Nova Rubber, Plaintiff began earning $16.00 per hour but later receive a raise earning $16.50 per hour.

12. Plaintiff was not informed his position was classified as exempt or non-exempt from overtime wages under the FLSA.

13. Plaintiff Bolden's job duties included making rubber gaskets for use in industrial, commercial and consumer applications.

14. During Plaintiff's employment with Nova Rubber, Plaintiff would work at least forty hours each week, often working 50-60 hours per week.

15. Plaintiff Bolden remained a rubber gasket fabricator throughout his employment by Defendants.

16. Plaintiff Bolden's actual job duties did not qualify him for any exemption from the overtime provisions of the FLSA and he was, therefore, at all relevant times a non-exempt employee entitled to overtime pay for each hour worked over forty hours in a workweek.

17. Despite failing to classify Plaintiff Bolden as an exempt employee, and despite the fact that Plaintiff Bolden's duties do not qualify him as an exempt employee, Defendants have, during the relevant time period, treated Plaintiff Bolden as an exempt employee, have paid him a salary, and have not paid him overtime pay to which he was entitled.

18. In or about January 5, 2017, Defendants terminated Plaintiff Bolden's employment.

19. Defendants failed to keep accurate records of the hours worked by Plaintiff Bolden, and similarly situated employees. Defendants do, however, possess other types of documents, including time clock records, which may be used to reconstruct the hours worked by Plaintiff Bolden, and similarly situated employees.

20. As of the filing of the instant Complaint, no representative of any Defendant has contacted Plaintiff regarding his entitlement to, or calculation of his unpaid overtime wages.

21. From approximately August 1, 2013 to January 5, 2017, Plaintiff Bolden worked weekly shifts exceeding 40 hours. As an example of the total hours worked by Plaintiff Bolden under this work schedule, from January 8, 2015 through January 5, 2017, Plaintiff Bolden worked approximately 182 hours overtime.

22. While Plaintiff Bolden was his regular rate of pay for his overtime hours worked, he was not paid time and a half as required by the FLSA.

23. Defendant's violations of the FLSA were willful and deliberate as, based upon information and belief, Defendants' accountant admonished Defendants on several occasions to pay overtime.

### (Similarly Situated Employees)

24. During the relevant time period, Defendants have employed approximately 30 employees similarly situated to Plaintiff Bolden.

25. The similarly situated employees have had duties similar to the duties of Plaintiff Bolden, have worked under similar conditions and similar work schedules as Plaintiff Bolden, have been non-exempt employees entitled to overtime wages similar to Plaintiff Bolden, have been unlawfully treated by Defendants as exempt employees in a manner similar to Plaintiff Bolden, and have been unlawfully denied overtime wages by Defendants in a manner similar to Plaintiff Bolden.

### COUNT ONE: CLAIM FOR UNPAID OVERTIME WAGES UNDER THE FAIR LABOR STANDARDS ACT

26. Plaintiffs incorporate by reference Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

27. Each Defendant is an "employer" as defined in the Fair Labor Standards Act of 1938 ("FLSA") at 28 U.S.C. § 203.

28. Defendants Nova Rubber is an "enterprise engaged in commerce" as defined in the FLSA at 28 U.S.C. § 203.

29. Defendant McDonald, at all relevant times, has been a Manager/owner for, and an agent of Defendant Nova Rubber, has had extensive managerial responsibilities and substantial control of the terms and conditions of the work of Plaintiff Bolden, and all similarly situated employees, and consequently, is an "employer" under the FLSA.

30. Defendants were required to pay Plaintiff Bolden, and all similarly situated employees, overtime wages at a rate of one and one-half times Plaintiff's and the similarly situated employees' regular rates for all hours worked in excess of 40 hours in a work week pursuant to the FLSA, 28 U.S.C. § 207.

31. Defendants failed to pay Plaintiff Bolden, and all similarly situated employees all overtime wages due and owing to Plaintiff and the similarly situated employees in violation of the FLSA, 28 U.S.C. § 207.

32. Defendants' failure to pay wages and overtime wages in violation of the FLSA was willful and deliberate, having failed to pay Plaintiff overtime wages from August, 2013 through and including January, 2017. Additionally, based upon information and belief, Defendants are continuing to fail to pay overtime wages to similarly situated Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of similarly situated employees, pray for the following relief:

(a) That this Court certify this action as an FLSA collective action and certify a class of employees similarly situated to Plaintiff Bolden;

(b) That Plaintiff Bolden be designated as the collective class representative;

(c) That they and the certified class may have a trial by jury;

(d) That he and the certified class be awarded all damages provided by law, including but not limited to, unpaid overtime wages;

(e) That he and the certified class be awarded liquidated damages as provided by the FLSA;

(f) That he and the certified class be awarded attorneys' fees and costs; and

(g) That he and the certified class be awarded such other relief as this Court may deem as just and equitable.

**A Trial by Jury is Demanded.**

                                        **CURTIS BOLDEN,**
                                        By Counsel

/s Mark L. French
Mark L. French, Esq. (WVSB# 9061)
THE LAW OFFICE OF MARK L. FRENCH, PLLC
The Morrison Building
815 Quarrier Street, Suite 208
Charleston, WV 25301
Telephone: 304.720.6220
Facsimile: 304.720.6221
      mark@marklfrench.com