## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
### (Charleston Division)

**CURTIS BOLDEN,**
**individually and on behalf of others**
**similarly situated,**

       **Plaintiffs,**

**v.**                                                   **Civil Action No.:  2:17-cv-02465**


**NOVA RUBBER COMPANY, LLC., and**
**BEN McDONALD.**

       **Defendants.**

### JOINT MOTION FOR APPROVAL OF SETTLEMENT AND
### FILE ATTACHMENTS UNDER SEAL

The Plaintiff, by counsel, Mark L. French, and Defendants, Nova Rubber Company, LLC and Ben McDonald ("Defendants") by counsel, Katherine B. Capito, hereby submit this Motion for Approval of Settlement and File Attachments Under Seal. In support thereof, the parties state as follows:

1.    This Court enjoys broad discretion in permitting the filing of documents under seal.  Rule 5.2 of the Federal Rules of Civil Procedure governs privacy protection for filings made with the court.  It provides, in pertinent part, that "[t]he court may order that a filing be made under seal without redaction" and that "[f]or good cause, the court may be order in a case…limit or prohibit a nonparty's remote electronic access to a document filed with the court."  Fed. R. Civ. P. 5.2.

2.      The parties to this action entered into a settlement agreement and release ("Settlement Agreement").   The Settlement Agreement contains a confidentiality provision, which prevents the information contained therein from being disseminated to outside parties.  The Settlement Agreement, and the covenants and conditions agreed to therein, is the basis for the parties' Agreed Order of Dismissal.

3.      The Confidential Settlement Agreement entered into between the parties has the intent to compromise and settle any outstanding disputes between the parties to this action.   The Confidential Settlement Agreement entered into between the parties only settles the claims brought by Plaintiff, and does not affect the rights and any other potential class members.

4.      The class action filed in this matter has not been certified.   Moreover, through discussions between counsel, and other information reviewed by counsel for Plaintiff, certification would have been difficult due the small number or potential class members affected in this matter.   Therefore, it is doubtful that the element of numerosity could have been proven to have the class certified.

5.      There are no First Amendment rights affected by sealing the Confidential Settlement Agreement.    The parties to this action are private individuals or entities, not governmental entities.

6.      Although the "common law presumes a right to inspect and copy judicial records and documents," *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 1311, 55 L. Ed. 2d 570 (1978), [t]he common law presumption of access

may be overcome if competing interests outweigh the interest in access and a court's denial of access is reviewable only for abuse of discretion.   *See Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); I*n re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986).

7.     In this matter, the parties have a compelling interest for sealing the Confidential Settlement Agreement.   The parties have formed an agreement to keep the Confidential Settlement Agreement confidential.

8.     Plaintiff's interest is in settling this matter for value that he considers appropriate compensation and which reimburses him for any damages caused him. Defendants demanded that in exchange for that compensation, that the agreement be made confidential.

9.     Defendants' interests lie in a desire to limit its exposure to potential future lawsuits should the terms of the settlement agreement become public.   Regardless, of this desire, should any other Plaintiffs similarly situated with Plaintiff decide to pursue their rights in an attempt to collect damages, the Confidential Settlement Agreement entered into between the parties does not affect those rights, only the rights of Plaintiff named herein.

10.     There parties are not requesting that any other material, besides the Confidential Settlement Agreement, be sealed.     Therefore, a narrowly tailored order sealing the Confidential Settlement agreement would preserve the wishes and desires of

the parties while having little to no effect on any public interest in having access the Confidential Settlement Agreement.

11.     As part of the Agreed Order of Dismissal, the parties request that the Court approve the covenants and conditions listed in the Settlement Agreement.  Therefore, a copy of the Settlement Agreement is attached to "*Plaintiff's Motion to File Attachments Under Seal*" for the Court's review and approval, along with a proposed Dismissal Order.

12.     Permitting the Settlement Agreement to remain in the public record would undermine the purpose of the confidentiality provision in the underlying Settlement Agreement.

13.     This Motion is not being brought for purposes of delay.

14.     As the exhibit to the "*Motion to File Attachments Under Seal*" contains information that the parties view as highly confidential, there is good cause pursuant to Local Rule 5.2.1(a) and Federal Rule of Civil Procedure 5.2 to file the exhibit under seal.

Therefore, for the foregoing reasons, the parties respectfully request that this Court **APPROVE** the Settlement entered into between the parties, and **GRANT** the accompanying Motion to File Attachments Under Seal,  along with all other and further relief this Court deems just and proper.

Respectfully submitted,


*/s/ Katherine B. Capito*              */s/ Mark L. French*
Katherine B. Capito, Esq. (WVSB#11633)     Mark L. French, Esq. (WVSB# 9061)

Dinsmore & Shohl LLP
P.O. Box 11887
Charleston, WV 25339-1887
Telephone:  (304) 357-0900
Facsimile:  (304) 357-0919
Email:  katherine.capito@dinsmore.com
*Counsel for Defendants*
*Nova Rubber Company, LLC*
*and Ben McDonald*

The Law Office of Mark L. French
The Morrison Building
815 Quarrier Street, Suite 208
Charleston, WV 25301
Telephone:  (304) 720-6220
Facsimile:  (304) 720-6221
Email:  mark@marklfrench.com
          *Counsel for the Plaintiff*

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
(Charleston Division)**

**CURTIS BOLDEN,
individually and on behalf of others
similarly situated,**

        **Plaintiffs,**

**v.**                                     **Civil Action No.:  2:17-cv-02465
Honorable Thomas E. Johnston**

**NOVA RUBBER COMPANY, LLC., and
BEN McDONALD.**

        **Defendants.**

## CERTIFICATE OF SERVICE

"***Motion for Approval of Settlement and File Attachments Under Seal***" has been

filed electronically via CM/ECF and service of the same has been made based upon

the filing to:

Katherine B. Capito, Esquire
DINSMORE & SHOHL LLP
P.O. Box 11887
Charleston, WV 25339-1887

This the 26th day of September, 2017.

*/s/ Mark L. French*
Mark L. French, Esq. (WVSB# 9061)
The Law Office of Mark L. French, PLLC
The Morrison Building
815 Quarrier Street, Suite 208
Charleston, WV 25301
Telephone:     304.720.6220
Fax:  304.720.6221