IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**CURTIS BOLDEN,**
individually and on behalf of others
similarly situated,

      Plaintiffs,

v.                                              Civil Action No. 2:17-cv-02465
                                                  Honorable Thomas E. Johnston

**NOVA RUBBER COMPANY, LLC, and
BEN McDONALD,**

      Defendants.

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL

Defendants Nova Rubber Company, LLC and Ben McDonald ("Defendants") along with Plaintiff Curtis Bolden ("Plaintiff") jointly move this Court for approval of the settlement of the above captioned case pursuant to the terms of the Settlement Agreement and General Release ("Settlement Agreement"), a copy of which has been provided to the Court. A proposed entry has been previously filed under seal for the purpose of approving the settlement and dismissing this action with prejudice, except to retain jurisdiction for the limited purpose of enforcing the terms of the Settlement Agreement, if necessary.

**I.    BACKGROUND**

Plaintiff filed this action in the United States District Court for the Southern District of West Virginia, Charleston Division on April 21, 2017. (ECF No. 1). Plaintiff's complaint alleged that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay overtime compensation to Plaintiff and other similarly-situated employees. The class action filed in this matter has not been certified.

In May 2017, Plaintiff's counsel provided payroll records to counsel for Defendants such that damage calculations could be completed. These records afforded both Parties with the necessary materials to fully and fairly evaluate Plaintiff's claim. Both counsel for Plaintiff and for Defendants reviewed the records in depth.

**II.     THE NEGOTIATIONS**

In May 2017, the Parties began negotiating a resolution of this matter in earnest. The negotiations were successful, resulting in the Parties executing a settlement agreement and general release, subject to approval by the Court pursuant to 29 U.S.C.S. § 216(b). The Parties reached an agreement regarding the total settlement amount to be made available to Plaintiff, and separately reached an agreement regarding Plaintiff's counsel's attorney's fees and costs. All Parties have signed the Settlement Agreement. Consequently, the Settlement Agreement was previously filed under seal, and provided for the Court's review. Pursuant to the Settlement Agreement, Defendant is to pay Plaintiff $10,200 for unpaid wages, an additional $10,200 for liquidated damages, and $14,600 for attorney's fees and costs for Plaintiff's claims in this case and for his claims in *Curtis Bolden v. Nova Rubber Company, LLC, et al.*, Civil Action No. 17-C-582 in the Circuit Court of Kanawha County, West Virginia.

**III.    THE COURT SHOULD APPROVE THE SETTLEMENT**

A court presiding over an FLSA action may approve a proposed settlement of the action under 29 U.S.C.S. § 216(b) "after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The court must specifically decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions, which includes findings with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant

factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Kim v. Confidential Studio Inc.*, 2017 U.S. Dist. LEXIS 133002, at *4 (D. Md. Aug. 21, 2017) (quoting *Lynn's Food Stores, Inc.*, 679 F.2d at 1355) (internal citations omitted).

Here, the settlement reflects a reasonable compromise of issues actually in dispute, the settlement was reached in an adversarial context in which Plaintiff was represented by counsel, and the totality of the settlement is fair and reasonable. The settlement in this case was reached in an adversarial proceeding, through arm's length negotiations between capable attorneys who have the necessary experience to protect the rights of the Parties in this matter. The Parties well understand that litigation is an inherently risky process, and the likelihood of success for either party is virtually unknown. The issues in this case were in dispute, and settlement was achieved with an understanding of the disputed claims.

Moreover, the settlement in this case is fair because it represents the potential value of Plaintiff's claim.

In addition, as noted above, as part of its fairness determination, the Court must also determine that the proposed attorneys' fees are reasonable. *See Kim*, 2017 U.S. Dist. LEXIS 133002, at *4 (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1355); *see also Strong v. Bellsouth Telecomms.*, 137 F.3d 844, 849–50 (5th Cir. 1998); *Zoll v. Eastern Allamakee Cmty School Dist.*, 588 F.2d 246, 252 (8th Cir. 1978). The FLSA has a fee-shifting provision that provides that the prevailing party shall recover reasonable attorneys' fees and litigation costs. 29 U.S.C. § 216(b) (a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action"). Indeed, "[t]he payment of attorneys' fees to employees prevailing in FLSA cases is ***mandatory***. The amount of

3

the attorney's fees, however, is within the sound discretion of the trial court." *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984) (emphasis added).

The federal courts have long recognized the profound importance of plaintiff's right to recover attorneys' fees under the FLSA. *See, e.g.*, *Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) (FLSA's fee recovery provision, Section 216(b), is not collateral to the merits of an FLSA lawsuit, but, rather, is "an integral part of the merits of FLSA cases and part of the relief sought therein."). Congress has determined that it is important for FLSA rights to be enforced, and that reasonable attorney fees must be awarded to provide for such enforcement, particularly where the victims of FLSA violations are often low-wage workers whose per-person damages may not be significant. *See, e.g.*, *Fegley v. Higgins*, 19 F.3d 1126, 1134–43 (6th Cir. 1994) (FLSA fee award "encourages the vindication of congressionally identified policies and rights."); *see also Spencer v. Cent. Servs. LLC*, 2012 U.S. Dist. LEXIS 4927, at *11 n. 4 (D. Md. Jan. 13, 2012) (same). Thus, it is not uncommon for fee awards to exceed the amount recovered by plaintiffs in lost wages. *See City of Riverside v. Rivera*, 477 U.S. 561, 574, 578 (1986) (no rule of proportionality in cases awarding fees under § 1988, in order to ensure lawyers are available to represent persons with legitimate claims). This principle has been applied in many cases in the FLSA context. *See, e.g.*, *Spencer*, 2012 U.S. Dist. LEXIS 4927, at *11 n. 4.

As set forth above, Defendants have agreed to pay a reasonable amount to Plaintiff's counsel for his fees and costs as provided in the Settlement Agreement submitted to the Court. Based on all relevant factors, the proposed pay of attorney's fees and cost reimbursements to Plaintiff's counsel is proper and reasonable and fulfills the purpose and intent of the FLSA's fees provision.

## IV. CONCLUSION

For the reasons stated above, the Parties respectfully approve the settlement and dismiss this action with prejudice by entering the proposed order, previously filed under seal.

Respectfully Submitted,

| | |
|---|---|
| /s/ Katherine B. Capito | /s/ Mark L. French |
| Katherine B. Capito, Esq. (WVSB # 11633) | Mark L. French, Esq. (WVSB # 9061) |
| DINSMORE & SHOHL LLP | THE LAW OFFICE OF MARK L. FRENCH, PLLC |
| P. O. Box 11887 | The Morrison Building |
| Charleston, WV 25339-1887 | 815 Quarrier Street, Suite 208 |
| Telephone: (304) 357-0900 | Charleston, WV 25301 |
| Facsimile: (304) 357-0919 | Telephone: (304) 720-6220 |
| Email: katherine.capito@dinsmore.com | Facsimile: (304) 720-6221 |
| *Counsel for Defendants* | Email: mark@marklfrench.com |
| *Nova Rubber Company, LLC* | *Counsel for Plaintiffs* |
| *and Ben McDonald* | |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**CURTIS BOLDEN,**
**individually and on behalf of others**
**similarly situated,**

      **Plaintiffs,**

v.                                     Civil Action No. 2:17-cv-02465
                                         Honorable Thomas E. Johnston

**NOVA RUBBER COMPANY, LLC, and**
**BEN McDONALD,**

      **Defendants.**

## CERTIFICATE OF SERVICE

    I, Katherine B. Capito, hereby certify that the foregoing **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL** has been served upon counsel of record via the Court's CM/ECF system on the _____ day of October, 2017 as follows:

Mark L. French, Esq.
THE LAW OFFICE OF MARK L. FRENCH, PLLC
The Morrison Building
815 Quarrier Street, Suite 208
Charleston, WV 25301
*Counsel for Plaintiffs*

                                           /s/ Katherine B. Capito
                                           Katherine B. Capito (WV State Bar #11633)