# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

CURTIS BOLDEN,

        Plaintiff,

v.                                     CIVIL ACTION NO.   2:17-cv-02465

NOVA RUBBER COMPANY, LLC, et al.,

        Defendants.

## ORDER

Pending before the Court are Plaintiff's Motion to File Attachments Under Seal, (ECF No. 20); the parties' Joint Motion for Approval of Settlement and File Attachments Under Seal, (ECF No. 19); the parties' Joint Motion for Approval of Settlement and Dismissal, (ECF No. 21); and the parties' Revised Joint Motion for Leave to File a Sealed Exhibit to the Parties' Agreed Order of Dismissal, (ECF No. 25).[1]   For reasons stated further below, the Court **GRANTS** the parties' Joint Motion for Approval of Settlement and File Attachments Under Seal insofar as it requests approval of the settlement and **DENIES** the motion insofar as it requests leave to file the settlement agreement under seal.   (ECF No. 19).   The Court further **GRANTS** the parties' Joint Motion for Approval of Settlement and Dismissal, (ECF No. 21), and **DENIES** Plaintiff's Motion to File Attachments Under Seal, (ECF No. 20), and the parties' Revised Joint Motion for Leave to File a Sealed Exhibit to the Parties' Agreed Order of Dismissal, (ECF No. 25).

---

[1] Also pending before the court is Plaintiff's motion to withdraw Plaintiff's previous Notice that Admissions to Defendant be Deemed Admitted.   (ECF No. 17.)   As this case has settled, the Court **DENIES** Plaintiff's motion as moot.

I. *FLSA SETTLEMENT*

A settlement of claims under the FLSA must be presented to the Court and the Court must review and determine whether the settlement is fair and reasonable. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).   To make this determination, the Court must find that the litigation involves a bona fide dispute, the proposed settlement is fair and equitable to all parties concerned, and the agreement includes an award of reasonable attorneys' fees.  *See id.* at 1354; *Harper v. ELK Run Coal Co.*, No. 2:11-cv-00305, 2012 WL 1999429, at *3 (S.D. W. Va. June 4, 2012) (citations omitted).

The Court finds that the settlement represents a genuine compromise of a bona fide dispute, that it is both fair and reasonable to the parties, and that it includes an award of reasonable attorneys' fees.   Accordingly, the Court approves the parties' Settlement Agreement.

II. *SEALING THE SETTLEMENT AGREEMENT*

The parties seek to file the settlement agreement under seal pursuant to a confidentiality provision in the agreement that prohibits public disclosure of its terms.   (ECF Nos. 19, 20, & 25). In support of their motion, the parties' cite several cases from other districts to argue there is good cause to seal the settlement agreement.   (*See* ECF No. 25 at 3–7.)   The Court cannot agree that there is good cause to seal this settlement agreement.

This Court has held that the presumption of public access to judicial records "is not heavily outweighed by the parties' argument that confidentiality is an integral provision of their argument."   *See Bryant v. Lab. Corp. of Am. Holdings*, No. 2:11-cv-006041, 2012 WL 2827348, at * 3 (S.D. W. Va. July 10, 2012); *see also* 2012 WL 1999429, at * 3.   In light of the strong presumption of access to public records, especially FLSA settlements, the Court **DENIES** the parties' motions asking the Court to seal the settlement agreement.

III.   *CONCLUSION*

For the foregoing reasons, the parties' Joint Motion for Approval of Settlement and File Attachments Under Seal, (ECF No. 19), is **GRANTED IN PART** and **DENIED IN PART**. The parties' Joint Motion for Approval of Settlement and Dismissal, (ECF No. 21), is **GRANTED**. Plaintiff's Motion to File Attachments Under Seal, (ECF No. 20), and the parties' Revised Joint Motion for Leave to File a Sealed Exhibit to the Parties' Agreed Order of Dismissal, (ECF No. 25), are **DENIED**. The above-styled action is hereby **DISMISSED** with prejudice, and the Court **DIRECTS** the Clerk's Office to remove this matter from the Court's docket.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   December 6, 2017

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE